UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUN MAGAR SANDESH,<br><br>                          Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE,<br><br>                          Respondent. | Case No.: 26-cv-0846-JES-DDL<br><br>**ORDER CONDITIONALLY APPOINTING COUNSEL**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Pun Magar Sandesh's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on February 9, 2026. ECF No. 1. Petitioner has been in immigration detention since December 7, 2024, and alleges that he is detained without adequate justification and without a bond hearing. *Id.* at 6.

Considering the complexity of the constitutional, statutory, and procedural issues presented in this matter, the Court finds that representation will serve the interests of justice. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the Court hereby **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc., as counsel, effective immediately. The Court **ORDERS** Petitioner to submit a form CJA 23 financial affidavit by **Thursday, February 19, 2026,** to demonstrate

1

his financial eligibility. *See* 18 U.S.C. § 3006A(b); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990). If Federal Defenders of San Diego, Inc., determines that Petitioner is not financially eligible for appointed counsel, or that it does not have the capability to represent him, Federal Defenders of San Diego, Inc., shall notify Petitioner and file notice with this Court by **Thursday, February 19, 2026**. If so, Petitioner shall continue unrepresented. If Federal Defenders choose to accept representation, Petitioner may file an amended Petition no later than **Friday, February 20, 2026**.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: February 13, 2026

Honorable James E. Simmons Jr.
United States District Judge

26-cv-0826-JES-DDL